UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Umbach Medical Group, PLLC, et al.,

   Plaintiffs

v.

Elevance Health Inc., et al.,

   Defendants

Case No. 2:23-cv-02159-CDS-MDC

**Order Denying Defendants' Motion for Reconsideration and Granting Miscellaneous Relief**

[ECF No. 28]

  Umbach Medical Group PLLC dba Blossom Medical Group, Thomas Umbach MD PC dba Blossom, Umbach Medical Associates PLLC, Umbach Group Practice PLLC, Umbach and Associates PLLC, Warm Springs Surgical Center LLC, and Umbach Surgical Group PLLC dba Warm Springs Anesthesia (collectively, plaintiffs) bring this action to recover unpaid benefits from defendants Elevance Health, Inc. and Rocky Mountain Hospital and Medical Service, Inc. dba Anthem Blue Cross and Blue Shield (collectively, defendants).

  Defendants move for this court to reconsider its September 30, 2024 order denying their motion to dismiss and ordering that they produce for the plaintiffs (1) the contracts signed between the defendants and the patients and (2) an accounting of which of the 30,000 listed claims were paid directly to patients, and which were not by December 2, 2024. Defs.' mot., ECF No. 28.[1] This motion is denied, but miscellaneous relief is nonetheless granted.

  Local Rule 59-1 states that "[a] party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1. Further, "[r]econsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law." *Id.*

---

[1] This motion is fully briefed. *See* Pls.' resp., ECF No. 30; Defs.' reply, ECF No. 31.

1    Defendants' motion argues that they are unable to collect the discovery required by the
September 30 order by the December 2 deadline. ECF No. 28 at 5–6. They also argue that they
are unable to search for claims without certain information—specifically redacted names,
patient dates of birth, Anthem's unique claim numbers and healthcare identification numbers
for each patient—that plaintiffs have yet to provide. *Id.* I do not find that these constitute
"points of . . . fact that the court has overlooked or misunderstood," nor do I find that the order
was manifestly unjust. *See* LR 59-1. Therefore, defendants' motion is denied.[2]

However, I recognize that the information defendants must produce will take longer and
require more information from plaintiffs than is possible to complete by the December 2, 2024
deadline. Considering this, I ORDER the following as miscellaneous relief:

A.  Subject to a protective order that the parties must meet and confer upon, plaintiffs must produce an unredacted list of patient names, patient dates of birth, Anthem's unique claim numbers and healthcare identification numbers for each patient by December 2, 2024.

B.  Defendants will have until Monday, February 17, 2024, to produce both (1) the contracts signed between defendants and the patients and (2) an accounting of which of the 30,000 listed claims were paid directly to patients, and which were not.

Defendants also have a pending motion for a pretrial conference. ECF No. 32. This has been referred to Magistrate Judge Maximiliano D. Couvillier, III for resolution. However, should the motion at ECF No. 32 be granted, the parties are ordered to meet and confer prior to the conference to discuss and produce an updated discovery plan in accordance with this order.

Dated: November 14, 2024

_____
Cristina D. Silva
United States District Judge

---

[2] Defendants also argue that plaintiffs should be required to turn over the assignment agreements signed with the patients. ECF No. 28 at 6. Because defendants did not challenge the existence of the assignment agreements or their contents in their motion to dismiss, I do not find that requiring plaintiffs to turn over these agreements is necessary at this time.